8 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Theron Blaine ALBERT, Defendant-Appellant.
 No. 93-30049.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 3, 1993.*
Decided Sept. 17, 1993.
 
 Before: BROWNING, SCHROEDER, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Theron Blain Albert, a Native American of the Rocky Boy's Indian Reservation, was charged with five counts of aggravated sexual abuse with children under the age of twelve. He pleaded guilty to one count of aggravated sexual abuse against one child, AJC, and was sentenced to a prison term of 131 months and five years of supervised release. The remaining charges were dismissed. Albert timely appealed. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Under the Sentencing Guidelines, the district court calculated an offense level of 32 for Albert's crime, including a three-level reduction for acceptance of responsibility. However, the district court increased his offense level by four levels, pursuant to U.S.S.G. § 2A3.1(b)(1), due to his threat of use of force against the victim. Albert contends that this adjustment is not supported by the facts and that the government has not met its burden of proof.
 
 
 4
 * We review the district court's findings of fact in sentencing for clear error. United States v. Burns, 894 F.2d 334, 336 (9th Cir.1990). Under the clear error standard, "we must accept the lower court's ruling unless, after reviewing the entire record, we are 'left with the definite and firm conviction that a mistake has been committed.' " United States v. Silverman, 861 F.2d 571, 576-77 (9th Cir.1988) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).
 
 II
 
 5
 To support a factual finding that raises a defendant's offense level, the district court must "be convinced 'by a preponderance of the evidence that the fact in question exists.' " United States v. Restrepo, 946 F.2d 654, 661 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 1564 (1992) (quoting United States v. Streeter, 907 F.2d 781, 782 (8th Cir.1990)). There is evidence in the Presentence Report, including comments AJC made to his foster parent, that Albert threatened to beat AJC. Although these statements are hearsay, this court has decided that "the Guidelines explicitly allow a sentencing court to consider information relevant to the sentencing determination 'without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy.' U.S.S.G. § 6A1.3(a)." United States v. Petty, 982 F.2d 1365, 1367 (9th Cir.1993).
 
 
 6
 Albert counters that the district court erred in relying on this information. For a defendant to make a successful challenge to information used in sentencing, he must show such information is false or unreliable. United States v. Carvajal, 905 F.2d 1292, 1294 (9th Cir.1990). Albert claims that the district court erred in relying on AJC's statements about Albert's threats because AJC is himself a sexual predator being investigated for sexually assaulting small children. However, this allegation does not prove that the statements were false or unreliable. Since Albert has not shown that the Presentence Report was false or unreliable, his challenge to the offense adjustment fails.
 
 III
 
 7
 We are not left with a definite and firm conviction that the district court erred in relying on statements in the Presentence Investigation Report describing Albert's threats of force to support an upward adjustment in his offense level. Accordingly, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3